UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 10-1923

Caption [use short title]

Motion for: strike portions of Appellant's Brief & Appendix

In re: Gennady Gorelik,
     Debtor,

Set forth below precise, complete statement of relief sought:

1) Strike portions of Appellant's Brief referencing extra-record materials; 2) Strike orders from Special Appendix, which are not being appealed; 3) Strike parts of Appendix which are outside the record or present excluded material.

Gennady Gorelik,
     Plaintiff-Counter-Defendant-Appellee,
v.
Elena Gorelik,
     Defendant-Counter-Claimant-Appellant.

MOVING PARTY: Gennady Gorelik
 ☐ Plaintiff  ☐ Defendant
 ☐ Appellant/Petitioner  ☑ Appellee/Respondent

OPPOSING PARTY: Elena Gorelik

MOVING ATTORNEY: Gennady Gorelik, Pro Se

OPPOSING ATTORNEY: Henry J. Boitel, Esq.

[name of attorney, with firm, address, phone number and e-mail]

2928 W. 5th Street, Apt. 14M
Brooklyn, NY 11224
(718) 223-1928
genador@gmail.com

324 Brower Avenue
Rockville Centre, NY 11570-2625
(516) 594-1234
boitel@mindspring.com

Court-Judge/Agency appealed from: US District Court, SDNY, Hon. Stephen C. Robinson, USDJ

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
 ☐ Yes ☑ No (explain): Local Rule 27.1 only applies to cases, where all parties are represented by counsel.

Opposing counsel's position on motion:
 ☐ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
 ☐ Yes ☐ No ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this Court?  ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?  ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:

Signature of Moving Attorney:
Gennady Gorelik  Date: April 18, 2011  Has service been effected? ☑ Yes ☐ No [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____  By: _____

Form T-1080

# UNITED STATES COURT OF APPEALS
## for the
## SECOND CIRCUIT

In re: Gennady Gorelik,
    Debtor

Gennady Gorelik,
    Plaintiff-Counter-Defendant-Appellee,

Docket Number: 10-1923

v.

Elena Gorelik,
    Defendant-Counter-Claimant-Appellant.

## APPELLEE'S DECLARATION IN SUPPORT OF MOTION TO STRIKE THE PARTS OF THE APPELLANT'S BRIEF AND APPENDIX

GENNADY GORELIK, Appellee *pro se*, declares that the following description of facts and events is true under penalty of perjury:

1. This declaration is in support of my instant motion to strike a) portions of Appellant's Brief referencing extra-record material; b) orders from the Appellant's Special Appendix, which are not subject to appellate review; and c) parts of the Appellant's Appendix, which are either outside the record on appeal or constitute memoranda of law unrelated to issues raised on this appeal.

2. The Appellee moves upon the following grounds: Rule 10(a), F. R. App. P. ("composition of the record on appeal"); Local Rule 32.1(c) ("the parties must file a Special Appendix ... that contains the (1) orders, opinions, and judgments being appealed"); Rule 30(a)(2) ("Memorandum of law in the district court should not be included in the appendix unless they have independent relevance").

1

3. As a preliminary matter, references to pages of Appellant's Special Appendix, will be made herein as SPA ___, and references to pages of Appellant's Appendix as A ___. The reference to the docket entries in the Bankruptcy Adversary Proceeding 05-23651-ASH will be made herein as BANKR DE ___.

4. This appeal is from the final order of the US District Court for the Southern District of New York (Hon. Stephen C. Robinson, D.J.), entered on March 30, 2010 (SPA 1-17). That order affirmed the final order and judgment by the Bankruptcy Court for the Southern District of New York (Hon. Adlai S. Hardin, B.J.), entered on June 16, 2006 (SPA 19-48), which held that "any putative judgment or award in favor of Elena and against Gennady in respect of Elena's custody litigation fees would not constitute 'support' within the meaning of Section 523(a)(5) of the Bankruptcy Code and therefore would be dischargeable under Section 727(a) of the Code" (SPA 47).

## DOCUMENTS TO BE STRICKEN FROM THE APPELLANT'S SPECIAL APPENDIX

5. Appellant filed a Notice of Appeal from the Bankruptcy Judgment on June 26, 2006 (Bankr DE 37). On the same day, Appellant filed a Motion to Amend Facts, pursuant to Rule 9023, F. R. Bankr. P. (Bankr DE 34). That post-judgment motion was denied by the Bankruptcy Court in the Order Denying Motion to Amend Facts, entered on July 13, 2006 (Bankr DE 41). Appellant did not amend her previously filed Notice of Appeal. Nor did Appellant file a new Notice of Appeal from that order.

6. On August 29, 2006, Appellee filed a Motion for Order Granting Leave to Proceed on Appeal in Forma Pauperis (BANKR DE 55). The Bankruptcy Court denied that motion on September 27, 2006 (BANKR DE 60). Appellee did not appeal from that order.

7. Appellant included both aforementioned orders in her Special Appendix, as orders on appeal 4 and 6: "4. Order of the Bankruptcy Court Denying Motion to Amend Facts (Hardin, B.J.) (July 12, 2006)" (SPA 49-57) and "6. Order of the Bankruptcy Court Denying Debtors's [sic] Motion to Proceed on Appeal in Forma Pauperis (Hardin, B.J.) (September 27, 2006)" (SPA 59-60). In her initial Brief, Appellant makes numerous references to those two orders (Appellant's Brief, pp. 2, 18, 19).

**DOCUMENTS TO BE STRICKEN FROM THE APPELLANT'S APPENDIX**

8. Similarly, Appellee seeks to strike the following documents, which are either not subject to appellate review or outside the record on appeal:

   a) Order Denying Motion to Amend Facts (Hardin, J.) (July 12, 2006) (A54-62);

   b) Order Denying Motion to Proceed on Appeal in Forma Pauperis (Hardin, J.) (September 27, 2006) (A64-65);

   c) Affidavit in Support of Motion for Correction of Facts, Motion and Memorandum (A 497-513);

   d) Mr. Gennady Gorelik's Psych Report (A 412-430).

9. As already shown in the previous section, the first two orders are not subject to appellate review and, as such, are outside the record on appeal (Appellant included those orders twice: in her Special Appendix and in her Appendix). For the same reason that Order Denying Motion to Amend Facts is outside the record on appeal, the Appellant's affidavit in support of that motion (the third item on the list above) is outside the record on appeal as well.

10. Finally, the "Psych Report" (the forth item on list) is an alien document, which is not a part of the record of proceedings before the Bankruptcy Court.

3

11. Appellant seeks to strike the following memoranda of law, as excluded material in accordance with Rule 30(a)(2), F. R. App. P.:

a) Memorandum of Law of Henry J. Boitel, Esq. Counsel to Dr. Marie Weinstein in Support of Order to Show Cause to Quash Subpoena (Apr. 15, 2006) (A 451-475);

b) Elena Gorelik's Memorandum of law (May 14, 2006) (A 484-496).

## PORTIONS OF THE APPELLANT'S BRIEF TO BE STRICKEN AS REFERRING TO EXTRA-RECORD MATERIAL

12. Running throughout the Appellant's Brief are numerous assertions that purport to rest upon factual conclusions made by the State Supreme Court on March 9, 2010 (Appellant's Brief, p. 17), nearly four years after the Bankruptcy Judgment on appeal was entered. It is noteworthy, that Appellant has not informed either the Bankruptcy Court by moving under Bankruptcy Rule 9024 or the District Court by moving under Rule 60(b), F. R. Civ. P., of this alleged "newly discovered evidence". Nor has Appellant made a motion before this Court, seeking to supplement the record with "new evidence" from a recent state court's decision. Raising these alleged factual conclusions for the first time in her Brief, Appellant cannot even support them with any record references, since they occurred in the period subsequent to one covered by the Bankruptcy Judgment.

13. Among the Appellant's assertions of the State Court's recent factual conclusions and her contentions, based thereon, are the following statements:

> "In that regard, it should be noted that the State Supreme Court subsequently held that Gennady had willfully kept himself unemployed and was capable of earning substantial income. See. Gorelik v. Gorelik, 71 Ad.3rd 730, 895 NYS2d 717 (March 9, 2010)." (Appellant's Brief, p. 17);

> "He has been found by the State court to have willfully failed to seek and obtain employment. It should be held to be against public policy for a parent, such as he, to pull himself out of employment, dissipate all of his substantial assets, and then take a bankruptcy bath, while his newly divorced wife, must go to school to de-

4

velop a career, take care of the children full time, and contend with endless litigation on the part of the father of the children." (Appellant's Brief, p. 23).

"The State court was going through a careful procedure of gathering the facts and determining the equities regarding who should bear the burden of the costs of the litigation." (Appellant's Brief, p. 28);

"At the time of the bankruptcy proceedings, the question of apportionment of costs was actively before the State domestic relations court. By its order, the bankruptcy court prevented the State Court judge from doing what the law says he ought to be able to do. The courts below do not suggest that they were convinced that such an aware not be made" (Appellant's Brief, p. 30);

"We cannot say, with certainty, what the State Court would have done; however, the fact that the State Court later found Gennady to be a malinger as to employment, and accordingly awarded child support against him, is in contrast to the more codling approach taken by the Bankruptcy Court." (Appellant's Brief, p. 31);

"For the foregoing reasons, the judgment should be vacated, and the case should be remanded to the Bankruptcy Court, with instructions that it remand the case to the State Court for a determination of whether Elena is entitled to reimbursement since her expenses were in behalf of the children." (Appellant's Brief, p. 34);

"His procurement of a forensic psychiatric report from a Russian expert of his choice was to be his means of justifying to the State Court his refusal to work and his consequent huge arrears for child support, as well his application to the Court for a downward modification of his child support obligation. Low and behold, the report totally fails to support Gennady's claim that he suffers from some malady that prevents him from working." (Appellant's Brief, p. 35); and

"In effect, the lower Courts deprived her of the State Court then in progress effort to provide such a hearing, and then refused to give such a hearing itself." (Appellant's Brief, p. 36).

14. Appellant rests all of her above extra-record assertions upon her citation to "Gorelik v. Gorelik, 71 Ad.3rd 730, 895 NYS2d 717 (March 9, 2010)". (Appellant's Brief, p. 17). In fact, this citation immediately follows her above-quoted allegation: "[I]t should be noted that the State Supreme Court subsequently held that Gennady had willfully kept himself unemployed and was capable of earning substantial income." (*id.*). Conspicuous by its absence is the Appellant's failure to inform this Court, that she cites Decision by Appellate Division, Second Department, af-

5

firming the State Supreme Court's Decision and Order of July 14, 2004, granting Appellee's application for downward modification of child support. Thus, the Appellant's representations to this Court that the State Supreme Court found Appellee to be "a malinger" and "willfully unemployed" are grotesque fabrications of State Supreme Court's Decision and Order of July 14, 2008 and the Second Department, Appellate Division, Decision of March 9, 2010, affirming same.

15. Appellee would emphasize that concurrent with the filing of this motion, he is filing the Motion to Supplement the Record with the authenticated copy of the State Supreme Court's Decision and Order of July 14, 2008, to show that the Appellant's contingent claim for reimbursement was rejected in that very order and that no appeal was taken by her. Appellee did appeal but only to with the respect to the amount of downward modification. The Appellate Division, Second Department, affirmed.

16. As such, the citation that Appellant gives in her Brief to the affirmance by the Appellate Division, Second Department leaves no doubt that her contingent claim for reimbursement of her legal fees and expenses has been completely extinguished by the State Court. This now-extinguished claim was found to be dischargeable by both the Bankruptcy Court and the District Court, as not constituting "support" within the meaning of Section 523(a)(5) of the Bankruptcy Code. These two decisions are the subject of the instant appeal. It should be obvious why Appellant went out of her way to conceal these facts, since they irrefutably prove that the Appellant has no standing to prosecute this appeal.

17. No prior application for this relief has been made.

WHEREFORE, upon this declaration and the memorandum in support hereof, the Appellee respectfully requests this Court to grant this application and to strike portions of Appellant's

Brief, referencing extra-record material, and parts of her Appendix, which are either not subject to appellate review, or outside of the record on appeal, or constitute material excluded in accordance with Rule 30(a)(2), F. R. App. P.

Dated:   Brooklyn, New York
           April 18, 2011

*/s/ Gennady Gorelik*
Gennady Gorelik
Appellee *pro se*
2928 W. 5th Street, Apt. 14M
Brooklyn, NY 11224
(718) 223-1928

7

# UNITED STATES COURT OF APPEALS
## for the
## SECOND CIRCUIT

---

In re: Gennady Gorelik,
    Debtor

---

Gennady Gorelik,
    Plaintiff-Counter-Defendant-Appellee,         Docket Number: 10-1923

v.

Elena Gorelik,
    Defendant-Counter-Claimant-Appellant.

---

### APPELLEE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE THE PARTS OF THE APPELLANT'S BRIEF AND APPENDIX

#### A. DOCUMENTS THAT ARE NOT SUBJECT TO APPELLATE REVIEW MUST BE STRICKEN FROM THE APPELLANT'S SPECIAL APPENDIX

Rule 8002(b), F. R. Bankr. P. governs appellate review of certain post-judgment orders. It provides in relevant part as follows:

"This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) to alter or amend the judgment under Rule 9023;

(3) for a new trial under Rule 9023; or

(4) for relief under Rule 9024...

*Appellate review of an order disposing of any of the above motions requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal.*" (emphasis added).

Consequently, Appellant is statutorily precluded from seeking this Court to review the post-judgment order, denying her Motion to Amend Facts, made pursuant Bankruptcy Rule 9023.

1

Similarly, Appellee did not file a notice of appeal from the Bankruptcy Court's order denying his post-judgment motion for leave to proceed in forma pauperis. Rule 8001(a), F. R. Bankr. P., provides that the failure to file a notice of appeal affects the validity of appeal. It is well settled that the absence of proper "notice of appeal affects the jurisdiction of a reviewing court to consider the bankruptcy court's judgment or order" (*Matter of Emergency Beacon Corp.*, 666 F.2d 754, 758 [2d Cir. 1981]).

In this connection, the US Supreme Court explained: "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception'." (*Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012 [1998] quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, [1884]).

Local Rule 32.1(c) governs the contents of a Special Appendix. It provides in relevant part: "[T]he parties must file a Special Appendix that ... contains the (1) orders, opinions, and judgments being appealed." Consequently, since orders 4 and 6 (SPA 49-57, 59-60) are not subject to the appellate review, the Appellee respectfully requests this Court to strike them from the Appellant's Special Appendix.

### B. DOCUMENTS, WHICH ARE NOT SUBJECT TO APPELLATE REVIEW, OUTSIDE THE RECORD, OR CANNOT BE INCLUDED MUST BE STRICKEN FROM THE APPELLANT'S APPENDIX

As this Court explained in *Petitions of Rudder*, 159 F.2d 695, 696 (2d Cir. 1947): "Since the material printed in the appendices has not been incorporated into the records on appeal, we shall not consider it in determining the merits of the appeal."

Rule 30(a)(2), F. R. App. P., provides that memoranda of law "should not be included in the appendix unless they have independent relevance". This Court explained the meaning of "independent relevance" as follows: "Memoranda of law submitted to the trial court have no proper place either in the record transmitted to this court or in an appendix except when they become relevant to determine whether an issue was raised in the district court." (*Aquascutum of London, Inc. v. S. S. American Champion*, 426 F.2d 205, 213 n. 6 [2d Cir. 1970]). *See also, NISH v. Rumsfeld*, 348 F.3d 1263, 1272 (10th Cir. 2003) ("Fed. R.App. P. 30, dealing with Appendices, is applicable to this appeal and specifically excludes items such as memoranda of law).

Nowhere in her Brief, does Appellant rely on the aforementioned memoranda of law to show that an issue was raised below. As such, those two documents violate Rule 30(a), F. R. App. P., and must also be stricken from the Appellant's Appendix.

### C. PORTIONS OF THE APPELLANT'S BRIEF MUST STRICKEN AS REFERRING TO EXTRA-RECORD MATERIAL

This Court lacks jurisdiction to receive new "evidence", contained the State Court's Decision of March 9, 2010, since it is outside the record on appeal. Rule 10(a), F. R. App. P., enumerates items constituting the record on appeal as follows: "1) the original papers and exhibits filed in the district court; 2) the transcript of proceedings, if any; and 3) a certified copy of the docket entries prepared by the district court." It is a standard proposition in appellate practice that "absent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record" (*International Business Machines Corp. v. Edelstein*, 526 F.2d 37, 45 [2d Cir. 1975]).

Under similar circumstances, this Court granted motion to strike, holding that a party cannot introduce factual conclusions from a recent state court's decision into appellate record "for the first time on appeal" (*DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005). *See also,*

*Utah v. U.S. Dept. of Interior*, 535 F.3d 1184, 1196 n. 7 (10th Cir. 2008) citing *De Bella*, 403 F. 3d at 118 ("[N]ew evidence not submitted to the district court is not properly part of the record on appeal"); *Henn v. National Geographic Soc.*, 819 F.2d 824, 831 (7th Cir. 1987) ("The parties may rely on appeal only on materials furnished to the district judge. Otherwise they deprive the opposing party of an opportunity to comment on them and the district judge of an opportunity to evaluate their significance.").

Respectfully submitted,

/s/ Gennady Gorelik

Gennady Gorelik
Appellee *Pro Se*
2928 W. 5th Street, Apt. 14M
Brooklyn, NY 11224
(718) 223-1928

4

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Gennady Gorelik     v.

Elena Gorelik

**CERTIFICATE OF SERVICE**
Docket Number: 10-1923

I, Gennady Gorelik (name), hereby certify under penalty of perjury that on April 18, 2011 (date), I served a copy of Motion to Supplement the Record and Motion to Strike Portions of Appellant's Brief and Appendix

(list all documents)

by (select all applicable)*

- [✓] United States Mail
- [ ] Federal Express
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] E-mail
- [ ] Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Henry J. Boitel, Esq. | 324 Brower Avenue | Rockville Ctr | NY | 11570 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

04/18/2011
Today's Date

*signature: Gennady Gorelik*
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

Certificate of Service Form